W. M. GROOMS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed May 2, 1922.

An instruction that requires the explanation given by a party found in possession of goods recently stolen, as to how he acquired such possession, to be *satisfactory*, as well as reasonable, before such explanation shall shift the burden on the state of proving the falsity thereof, is erroneous. The correct rule is that where a party is found in possession of goods recently stolen and directly gives a reasonable and credible account of how he came into such possession, or such an account as will raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness, probability and credibility, then it becomes the duty of the state to prove that such account is false, otherwise there should be an acquittal. Bellamy v. State, 35 Fla. 242, 17 South. Rep. 560.

Writ of Error to the Circuit Court for Manatee County; M. A. McMullen, Judge.

Reversed.

*Dewey A. Dye* and *Bradley & Bradley*, for Plaintiff in Error;

*Rivers H. Buford,* Attorney General, and *Marvin C. McIntosh,* Assistant, for the State.

WEST, J.—Plaintiff in error was jointly indicted with two other persons charged with the offense of larceny of an automobile. Upon a trial verdict of guilty as charged was returned against all of the three. To the judgment im posing sentence upon him plaintiff in error took writ of error from this court.

Several rulings of the trial court are brought up for review by assignments of error, but it is necessary to notice only one of such assignments.

The automobile alleged to have been stolen disappeared from the place where it was usually kept by the owner and was found a few days later in another State in the possess- ion of plaintiff in error and two other persons jointly in- dicted with him, who were there arrested and charged with the theft. Upon a joint trial of all the defendants this charge was given: "Gentlemen, at the request of the State Attorney, I charge you further that a person found in possession of property recently stolen is presumed by law to be the thief unless he directly give a satisfactory and credible explanation of his possession. Whether or not the explanation given by any of the defendants in this case is a reasonable and satisfactory explanation is for the jury to determine from all of the facts and circum- stances in the case." This is the only charge upon this point.

That the property alleged to have been recently stolen was found in the possession of him and the other person charged with the larceny was not denied by the plaintiff in error. It is admitted, but he explains that he had no

participation in the taking and denies that he had any knowledge that it was unlawfully taken. His explanation may be sufficient to exonerate him, or at least to raise in the minds of the jury a reasonable doubt of his guilt. It presents a question of fact which he is entitled to have the jury consider and pass upon under an instruction fairly presenting the law applicable in such cases. Capello v. State, 82 Fla. 313, 90 South. Rep. 191. The law requires only that the explanation be "reasonable and credible." It does not require that it be "satisfactory." To place upon him a burden of a "satisfactory" and credible explanation of his possession is more than the law requires. The precise question has been decided by this court. Bellamy v. State, 35 Fla. 242, 17 South. Rep. 560. See also Words an Phrases, First and Second Series, titles "Reasonable" and Satisfactory"; Greenleaf on Evidence, 16 Ed., Sec. 2.

For the error in giving this charge the judgment must be reversed.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.