W. M. GROOMS, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

Opinion Filed April 11, 1923.

1. In a prosecution for larceny it is not error to charge the jury
   that "larceny is the felonious stealing, taking and carrying
   away of the property of another with intent to deprive the
   owner of his possession thereof," since the charge includes
   within the ordinary and popular meaning of the words used,
   the element of an unlawful taking and appropriation of the
   property of another without the consent of the owner, with
   intent to deprive the owner of the possession thereof.

2. Where no error appears in giving or refusing charges, or in
   other procedure and the evidence sustains a verdict of guilt
   under a charge duly made, a judgment of conviction will be
   affirmed.

A Writ of Error to the Circuit Court for Manatee
County; M. A. McMullen, Judge.

*Dewey A. Dye* and *Bradley & Bradley,* for Plaintiff in
Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,*
Assistant, for the State.

WHITFIELD, J.—The plaintiff in error and two others
were indicted for the larceny of an automobile. A former
conviction was reversed because an erroneous charge was
given that related to the burden of proof and may reason-
ably have been harmful. Grooms v. State, 83 Fla. 547,
92 South. Rep. 153.

This writ of error was taken to a subsequent conviction,
after a severance of the defendants was had.

There is ample evidence that the automobile was taken without the consent of the owner, and that the plaintiff in error was one of the three who left the neighborhood at night and rode in the car to Georgia, where they were arrested. The defendant's testimony that he had no part in taking the car, but merely joined the others upon their invitation, apparently did not impress the jury as being reasonable and creditable under all the circumstances shown in evidence. McDonald v. State, 56 Fla. 74, 47 South. Rep. 485; Groover v. State, 82 Fla. 427, 90 South. Rep. 473. The facts here are not like those in Sykes v. State, 78 Fla. 167, 82 South. Rep. 778.

. The court gave the following charge: "Larceny is the felonious stealing, taking and carrying away of the property of another with intent to deprive the owner of his possession thereof."

It is contended that the charge is fatally defective in failing to state as a part of the definition of larceny that the property was taken "without the consent of the owner," and that in view of the evidence the charge "was no doubt instrumental in causing a verdict of guilty." The statute provides punishment for "whoever commits larceny by stealing of the property of another." Sec. 5122, Rev. Gen. Stats. 1920. The word "stealing" implies a taking and asportation without the consent of the owner of the property stolen.

. The words "felonious stealing" are used in the charge defining "larceny;" and "stealing" is a taking "without right or leave, with intent to keep wrongfully." Webster's Dict.; Baldwin v. State, 46 Fla. 115, 35 South. Rep. 220. "Felonious" means "with intent to commit a crime." Webster's Dict. The definition of "larceny" as given in the charge is one that in substance is frequently given in

text-books and judicial decisions, and sufficiently states the elements of the offense of "larceny." It includes within the ordinary and popular meaning of the words used, the element of an unlawful taking and appropriation of the property of another without the consent of the owner, with intent to deprive the owner of the possession thereof. 17 R. C. L. 5. Even if a charge giving correctly a more elaborate definition of "larceny" had been formulated and requested by counsel for the defendant, its refusal would not have been reversible error because the charge given is adequate as a definition of "larceny," the word "stealing" being used in the definition given in the charge complained of, and in the quoted statute.

The charges given with reference to the possession of property recently stolen and as to the concert of action between the three persons indicted, with reference to stealing the automobile were proper under the law and the facts and circumstances adduced in evidence.

The charges refused were either incorrect on the evidence or sufficiently covered by charges given.

Other contentions need no discussion.

Affirmed.

TAYLOR, C. J., AND ELLIS AND WEST, J. J., concur.

BROWNE, J., not participating.