FORREST LAKE, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed July 29, 1930.

(Indictment No. 6)

*Dickenson & Lake* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *M. B. Smith,* State Attorney, for Defendant in Error.

On Petition for Rehearing.

PER CURIAM.—Forrest Lake, the plaintiff in error, was indicted in Seminole County in February, 1928, the first count of the indictment charging embezzlement of and the second count charging misapplication of the money funds and credits of Seminole County Bank. He was tried and convicted on both counts and sentenced to a term of three years in the state penitentiary on each count both sentences to run concurrently. He is here seeking to reverse the judgment on writ of error.

The question of whether or not the state can ask for a rehearing in a criminal case and whether or not the trial court erred in sustaining the state's demurrer to the defendant's plea in abatement were fully covered in Forrest Lake v. State, Indictment Number Nine, filed this date, and what was there said disposes of those questions in this case.

Error is also predicated on the order of the trial court overruling defendant's motion to quash the indictment.

A motion to quash goes to matter on the face of the indictment. Before it will be granted it must be shown that its subject matter is so devoid of merit that no judgement can be given upon it or that it is so vague and indefinite as to mislead or embarrass the accused in his defense or that it will subject him to a new prosecution for the same offense. Wolf v. State, 72 Fla. 572, 73 So. R. 740; Clark v. State, 68 Fla. 433, 67 So. R. 135; Section 6064 Rev. Gen. Stats. or 1920 (Section 8369 Comp. Gen. Laws of 1927).

The motion to quash charges that the indictment does not allege that the "City of Sanford's coupon account" was an account on the books of the said bank nor that the "City of Sanford's coupon account" was not charged and withdrawn with the knowledge or consent of the city.

·It is true that the indictment does not directly allege that there was an account in Seminole County Bank known as "City of Stanford's coupon account" but it does allege that the defendant "transferred a credit from the account of the City of Stanford's coupon account" and we think that was sufficient. As to the second charge, that the account was not changed or withdrawn with the knowledge or consent of the· city, we think the indictment was good against this assault because it alleges that the .transfer was made "knowingly, fraudulently, and wilfully, with intent to injure and defraud the Seminole County Bank, without the knowledge and consent of the said banking corporation". An examination of the indictment and the statute under which it is cast, Section 5150 Rev. Gen. Stats. of 1920 (Section 7251 Comp. Gen. Laws of 1927) discloses that it charges the offense substantially in ·the language of the statute and that is sufficient. United States v. Northway, 120 U. S. 327, 7 Sup. Ct. Rep. 580, 30 L. Ed. 664; Evans· v. United States, 153 U. S. 584, 14 Sup. Ct. Rep. 934, 939, 38 L. Ed. 830; United States v. Harper 33 Fed. 471, text 478; Jewett v. United States of America, 100 Fed. 832. We think the indictment fully apprised the defendant of the charge against him and that is the real test· of its sufficiency.

It is next contended that the trial. court erred in ̄overruling defendant's motion for a new trial. The motion for a new trial is predicated on the insufficiency of the evidence to support the verdict, the fact that defendant was compelled to use his peremptory challenges to excuse certain jurors and to certain remarks of the prosecuting attorney in his concluding argument and the response of the trial court when counsel for defendant objected to said remarks.

We think the remarks of the prosecuting attorney and the response of the trial court were highly prejudicial under the circumstances. Embezzlement not being an offense at common law we are bound by the statute punishing it which we think is perfectly clear on this point. It was therefore error to convict and sentence the defendant on both counts but since both sentences were for the same period and were made to run concurrently the error on that point was harmless. Section 2812 Rev. Gen. Stats. of 1920 (Section 4499 Comp. Gen. Laws of 1927).

For reason announced in this opinion the record should be reversed for a new trial.

Reversed.

TERRELL, C. J., and WHITFIELD, ELLIS, STRUM, BROWN and BUFORD, J. J., concur.