Dan Padgett, *et al.*, v. State.

170 So. 175.
Division B.
Opinion Filed October 30, 1936.

*O. S. Thacker* and *Charles M. Durrance,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

Buford, J.—In this case we review the judgment of the Circuit Court of Osceola County convicting plaintiffs in

error of the offense denounced by Section 5264, R. G. S., C. G. L. The charging part of the indictment was in the following language:

"That Willie Padgett, Dan Padgett, Brady Padgett, Dewey Padgett and W. M. (Buddy) Peterson, late of the County of Osceola aforesaid, in the circuit and State aforesaid, laborers on the 16th day of November in the year of our Lord one thousand nine hundred and thirty-four, with force and arms at and in the County of Osceola aforesaid, did unlawfully, willfully and maliciously break down, injure and cut a fence belong to land not their own or either of them.

"And the Grand Jurors aforesaid, inquiring in and for the body of the County of Osceola, State of Florida aforesaid, upon their oaths do further present that Willie Padgett, Dan Padgett, Brady Padgett, Dewey Padgett and W. M. (Buddy) Peterson, late of the County of Osceola aforesaid, in the Circuit and State aforesaid, laborers, on the 17th day of November in the year of our Lord One Thousand Nine Hundred and Thirty-Four, with force and arms at and in the County of Osceola aforesaid, did unlawfully, willfully and maliciously break down, injure and cut a fence belonging to land not their own or either of them, against the form of the statute in such case made and provided, to the evil example of all others in the like cases offending and against the peace and dignity of the State of Florida."

Motion to quash the indictment was made and overruled. Had the record remained as it then stood, we should have been constrained to hold the overruling of the motion to quash reversible error because there was nothing in the indictment which prevented the defendants being exposed after a conviction or acquittal upon this charge to a new prosecution for the same offense. There was nothing in the

indictment which could be held to advise the defendants, or either of them, or anybody else, either as to the location of the lands upon which the fence was situated or the location of the fence which they were charged with cutting other than the allegation that the offense was committed in the County of Osceola and State of Florida.

After the motion to quash had been overruled the State's Attorney filed a bill of particulars purporting to describe the lands referred to in each count of the indictment and thereafter filed an amended bill of particulars purporting to describe the land referred to in each count of the indictment and there appears to have been no motion for a further or better bill of particulars.

The State relies upon the opinion and judgment in the case of Studstill v. State, 83 Fla. 623, 92 Sou. 151, to uphold the validity of the indictment on the question of its indefiniteness in that in each count it is contended the indictment charges two separate and distinct offenses. Plaintiffs in error rely on that case and also the case of Mills v. State, 58 Fla. 74, 51 Sou. 278, to sustain the contention that the indictment is bad because it does not advise the accused of the offense upon which the State proposed to prosecute.

It is the contention of the State that the statute defines more than one offense in that the statute provides that "Whoever willfully and maliciously breaks down, marks, injures or cuts any fence * * * belonging to or enclosing land not his own * * * shall be punished by imprisonment in penitentiary not exceeding ten years or by fine not exceeding ten thousand dollars." The contention is that the act of one who willfully and maliciously breaks down any fence belonging to or enclosing lands not his own is one offense, while the act of one who willfully and maliciously

cuts any fence belonging to or enclosing land not his own is another offense.

If the indictment had charged the acts in the disjunctive the contention might have been tenable, but the indictment charges the acts in the conjunctive and the proof shows that such offense was committed by someone.

The degree of certainty which is required in an indictment is that the allegations must be such that the accused may not be exposed to a substantial danger of a new prosecution of the same offense. In Mills v. State, *supra,* it was held:

"In a prosecution for violation of Section 3356 of the General Statutes by selling personal property subject to a statutory lien, the failure of the indictment to allege the name of the person to whom the property was sold and the manner of the disposition of the property and other details of the transaction will not expose the defendant to a substantial danger of a new prosecution for the same offense, for, in a subsequent prosecution upon an indictment making these allegations, the defendant would have the right to establish the identity of the transactions by proof, and he would not lose the benefit of a plea of former conviction."

In the case of Studstill v. State, *supra,* where the indictment charged "that Donovan Studstill and John Lee Studstill, late of said county on the 19th day of January, A. D. 1921, in the county and State aforesaid did willfully and maliciously injure and cut a fence belonging to land not their own, or either of them," motion was made for arrest of judgment and denied. The ruling on that motion was assigned as error and this Court said:

"By motion in arrest of judgment the sufficiency of the indictment is challenged. The ruling denying this motion is assigned as error and upon this assignment the contention

is made that the indictment charges no offense against the laws of this State. It may be admitted that the indictment is somewhat inartificially drawn, but it charges the offense alleged substantially in the language of the statute prohibiting it and prescribing the punishment. It is not so vague and indefinite as to mislead the defendants or embarrass them in the preparation of their defense, or to expose them after conviction to a new prosecution for the same offense. This, under the statutes, is, upon a motion in arrest of judgment, sufficient."

We recognize the fact that there the indictment was attacked by motion to quash. but we held that that indictment was not so vague and indefinite as to mislead the defendants or embarrass them in the preparation of their defense or to expose them after conviction to a new prosecution for the same offense. If the indictment met those tests it was sufficient even as against motion to quash. Here the indictment in the instant case was aided by the bills of particulars above referred to and, therefore, was made more definite and certain than was the indictment in the Studstill case. In considering the motion to quash the indictment in the case of Lake v. State, 100 Fla. 370, 129 Sou. 832, we said:

A motion to quash goes to matter on the face of the indictment. Before it will be granted it must be shown that its subject matter is so devoid of merit that no judgment can be given upon it or that it is so vague and indefinite as to mislead or embarrass the accused in his defense or that it will subject him to a new prosecution for the same offense. Wolf v. State, 72 Fla. 572, 73 So. R. 740; Clark v. State, 68 Fla. 433, 67 So. R. 135; Section 6064 Rev. Gen. Stats. of 1920 (Section 8369, Comp. Gen. Laws of 1927)."

On rehearing in that case Mr. Justice ELLIS and this

writer did not agree with that conclusion. In an opinion prepared by this writer and concurred in by Mr. Justice ELLIS, it was said:

"The defendant was entitled to be advised upon what acts the State would rely to constitute proof of guilt of the crime sought to be alleged."

And in that opinion we quoted from the case of Thalheim v. State, 38 Fla. 169, 20 Sou. 938, wherein Mr. Justice LIDDON quoted with approval from State v. Rowe, 43 Vt. 265, as follows:

"That the rule was made with the view of satisfying the provision of the 10th Article of the Bill of Rights of our state Constitution, which gives the accused in all prosecutions for criminal offenses a right 'to demand the cause and nature of his accusation.' Any other view of the law this court said would be in conflict with that section of the Bill of Rights of our State Constitution. See Sec. 11, Bill of Rights."

But, the majority of the Court declined to agree with that view. Therefore, we could not now uphold the contention of the plaintiffs in error that they were entitled to be advised definitely of the manner in which the crime was alleged to have been committed either in an indictment containing sufficient allegations in that regard, or by bill of particulars covering the requirement.

We pass now to a consideration of the sufficiency of the evidence. The plaintiffs in error could not have been convicted upon the showing made in the record here except upon the favorable consideration of the evidence given by the State's witness, Willie Padgett. It will be observed that Willie Padgett was a co-defendant named in the indictment, but the record shows that a severance was granted and Willie Padgett became a State's witness. The record shows

that Willie Padgett was not a disinterested witness. It shows that he was promised a reward in money on condition that these defendants were convicted. It shows that he was more than casually interested in the wife of one of the defendants. The record affirmatively shows that he was a man possessing such a reputation that numerous witnesses testified that they knew his reputation where he lived for truth and veracity and that he was not worthy of belief on oath.

The evidence of an alibi introduced in behalf of the defendants was very strong and persuasive, and in view of the fact that the State had to rely upon the testimony of Willie Padgett to convict these defendants; that his reputation for truth and veracity was bad and a number of witnesses were introduced to testify to that fact, and that because of that reputation they did not consider him worthy of belief on oath, because of the pecuniary interest as well as that other interest which he had in the conviction of these defendants, and in consideration of the additional fact that since the writ of error was sued out in this case and while the same has been pending in this Court, a petition has been presented in behalf of these defendants, of which it now being a record in this court we may take judicial cognizance, in which petition it is prayed that this Court make an order permitting the Circuit Court of Osceola County to entertain a petition for a writ of error *coram nobis,* one of the grounds being that this witness Willie Padgett since the trial and conviction of these plaintiffs in error has made oath in writing before an officer authorized to administer oaths that his testimony given on the trial against these defendants, plaintiffs in error, was entirely false and in effect had no foundation in fact, we are constrained to adopt the course which we have followed in a number of cases where

it appeared that justice demands a reversal of the judgment because the evidence upon which the State relied for conviction is so unsubstantial and unsatisfactory as to have left the jury to grope in the realm of guesswork and in speculation to return a verdict against the accused, and reverse the judgment here. See Smith v. State, 101 Fla. 1066, 132 Sou. 480; Moody v. State, 76 Fla. 23, 79 Sou. 294; Williams v. State, 58 Fla. 138, 50 Sou. 749; Howell v. State, 102 Fla. 612, 139 Sou. 187; Ming v. State, 89 Fla 280, 103 Sou. 618; Wolfe v. State, 95 Fla. 115, 116 Sou. 72.

It is so ordered.

Reversed and remanded.

WHITFIELD, C. J., and ELLIS and TERRELL, J. J., concur.

BROWN and DAVIS, J. J., concur in the result.