STATE, *ex rel.* GEORGE MILLER, v. D. C. COLEMAN, Sheriff of Dade County.

178 So. 157.
Division A.
Opinion Filed January 7, 1938.

*Bart A. Riley* and *Stanley S. Phillips,* for Relator;

*Cary D. Landis,* Attorney General, and *Robert R. Taylor, Thomas H. Anderson* and *Geo. A. Worley,* for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus to test the sufficiency of an information in the following language:

"In the name and by authority of the State of Florida: Robert R. Taylor, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that George Miller of the County of Dade and State of Florida, on the 12th day of May, in the Year of our Lord, 1937, in the County and State aforesaid did then and there violate Chapter 16,986, Laws of Florida for 1935, as follows: On June 1, 1937, an election was held in the City of Miami Beach, Florida, pursuant to law, for the purpose of electing members of the City Commission of said City, and in anticipation of said election being held, and of participating therein, there was delivered to the said GEORGE MILLER, in Atlantic City, New Jersey, on May 12, 1937, a certain affidavit and request for absentee ballot, prepared in accordance with Chapter 16,986, Laws of Florida, 1935, in words and figures as follows:

" 'AFFIDAVIT AND REQUEST FOR BALLOT.'

" 'State of New Jersey,

" 'County of Atlantic.

" 'I, the undersigned, do hereby solemnly swear that I am a citizen of the United States; that I am a legal resident

of the State of Florida and have been such for one year last past, and of the County of Dade, City of Miami Beach, for six months last past; that I am a duly qualified voter in Precinct No. 31 of said municipality; that I am a qualified elector under the laws of the State of Florida; that I have not voted in any State other than the State of Florida within the last twelve months; that I am not a registered voter in any State other than the State of Florida; that I expect to be absent from the State of Florida on the occasion of the General Election to be held in Miami Beach on the 1st day of June, A. D. 1937; that I will have no opportunity to vote thereat personally, will not attempt to do so and request that an official ballot be mailed to me at Number 2211 Boardwalk, City of Atlantic City, State of N. J.

" 'JOHN M. LUTERMAN, Elector.'

which said affidavit, before delivery to said George Miller, had written therein the name of John M. Luterman. And the said George Miller did then and there with the intent and purpose that the same should be used under the provisions of said chapter, sign his name as notary public to said affidavit and request for absentee ballot, and did affix thereto his notary public seal; the said signing and sealing being a part of said affidavit and request for absentee ballot in words and figures as follows:

" 'Sworn to and subscribed before me on this the 12th day of May, A. D. 1937.

" 'GEORGE MILLER, Notary Public.

" 'My commission expires August 4, '41.;'

" '(SEAL)

" 'Seal affixed.

"The said JOHN M. LUTERMAN not then and there, or any other time, having appeared before the said George Miller and having sworn to and subscribed to said affidavit,

or at any other time having sworn and subscribed to said affidavit, and the said John M. Luterman did not then and there reside in Atlantic City, New Jersey, and was not a resident of said state, and the said George Miller, after having signed his name as notary public as aforesaid to said affidavit, and having affixed thereto his notary public seal, did deliver the same to a person unknown to the County Solicitor with the intent and purpose that the same should be delivered to the City Clerk of the City of Miami Beach in Miami Beach, Dade County, Florida, and with the intent and purpose that the official ballot mentioned and described in said affidavit should be mailed by the said city clerk addressed to the person named in said affidavit at the address therein specified and, prior to the holding of said election, and within the time required by law, the said affidavit and request for absentee ballot was in the due of the United States mail received by the said City Clerk in the City of Miami Beach, Dade County, Florida, signed by the said George Miller as notary public as aforesaid, and sealed by him with his notary public seal, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Florida.

### "SECOND COUNT.

"And the said ROBERT R. TAYLOR, County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, further information makes that GEORGE MILLER, of the County of Dade and State of Florida, on the 12th day of May, A. D. 1937, in the County and State aforesaid, did then and there violate Chapter 16,986, Laws of Florida for 1935, as follows:

"On June 1, 1937, an election was held in the City of Miami Beach, Florida, pursuant to law, for the purpose of electing members of the City Commission of said city, and

in anticipation of said election being held, and of participating therein, there was delivered to the said GEORGE MILLER, in Atlantic City, New Jersey, on May 12, 1937, a certain affidavit and request for absentee ballot, prepared in accordance with Chapter 16,986, Laws of Florida, 1935, in words and figures as follows:

" 'AFFIDAVIT AND REQUEST FOR BALLOT.

" 'State of New Jersey,
" 'County of Atlantic.

" 'I, the undersigned, do solemnly swear that I am a citizen of the United States; that I am a legal resident of the State of Florida and have been such for one year last past, and of the County of Dade, City of Miami Beach, for six months last past; that I am a duly qualified voter in Precinct No. 31 of said municipality; that I am a qualified elector under the laws of the State of Florida; that I have not voted in any State other than the State of Florida within the last twelve months; that I am not a registered voter in any State other than the State of Florida; that I expect to be absent from the State of Florida on the occasion of the General Election to be held in Miami Beach on the 1st day of June, A. D. 1937; that I will have no opportunity to vote thereat personally, will not attempt to. do so and request that an official ballot be mailed to me at Number 2211 Board Walk, City of Atlantic City, State of N. J.

" 'JOHN M. LUTERMAN, Elector.'

"And the said George Miller did then and there, with the intent and purpose that the same should be used under the provisions of said chapter, sign his name as notary public to said affidavit and request for absentee ballot, and did affix thereto his notary public seal; and the said signing

and sealing being a part of said affidavit and request for absentee ballot in words and figures as follows:

"'Sworn to and subscribed before me on this the 12th day of May, A. D. 1937.

"'GEORGE MILLER, Notary Public.
"'My commission expires August 4, '41.'

"'(SEAL)
"'Seal affixed.

"The said JOHN M. LUTERMAN not then and there, or any other time, having appeared before the said George Miller and having sworn to and subscribed to said affidavit, or having at any other time having sworn and subscribed to said affidavit, and the said John M. Luterman did not then and there reside in Atlantic City, New Jersey, and was not a resident of said State, and the said George Miller, after having signed his name as notary public as aforesaid to said affidavit, and having affixed thereto his notary public seal, did deliver the same to a person unknown to the County Solicitor with the intent and purpose that the same should be delivered to the City Clerk of the City of Miami Beach in Miami Beach, Dade County, Florida, and with the intent and purpose that the official ballot mentioned and described in said affidavit should be mailed by the said city clerk addressed to the person named in said affidavit at the address therein specified, and prior to the holding of said election, and within the time required by law, the said affidavit and request for absentee ballot was in the due course of the United States mail, received by the said city clerk in the City of Miami Beach, Dade County, Florida, signed by the said George Miller as notary public as aforesaid, and sealed by him with his notary public seal, contrary to the form of Statute in such cases made and provided and against the peace and dignity of the State of Florida.'"

The sufficiency of an information is not measured by the same standards when attacked by habeas corpus as it is when attacked by a motion to quash.

The purport of the information is to charge a violation of Sec. 3 of Chapter 16986, Acts of 1935, which was an Act entitled:

"AN ACT Providing for Absentee Voting from Without the State of Florida in Primary, General, School, Municipal or Special Elections; Providing the Procedure to be Followed; Providing the Duties of Officials in Connection Therewith; Providing for a Penalty for Violations of any Part of This Act, and Repealing all Laws in Conflict Herewith."

Section 1 of the Act provides, in part:

"That any qualified elector who is required to be absent from the State of Florida for a period of more than fifteen days next prior to and including the day of any primary, general, school, municipal, or special election, may make written request by mail to the County Judge of the County of his or her legal residence, or to the Clerk of the Municipality, in case of municipal elections, for an official ballot to be used at his or her voting precinct or ward at such election in the following form, to-wit:"

Section 3 of the Act provides:

"That any person who shall make or transmit or deliver, or cause to be made, transmitted or delivered, any false statement or affidavit with the intent that the same be used under any provision of this Act, shall upon conviction be punished by a fine not to exceed One Thousand ($1,000.00) Dollars, or by imprisonment not to exceed one year, or by both such fine and imprisonment."

The offense charged is a statutory offense and, therefore, when the offense is charged substantially in the language

of the statute the charge will be held sufficient in habeas corpus proceedings. Moneyham v. Bowles, 72 Fla. 259, 72 So. 931, and cases there cited.

The charge must be so definite as not to subject the accused to a second prosecution for the same offense. Neumann v. State, 116 Fla. 98, 156 Sou. 237; Padgett v. State, 126 Fla. 57, 170 Sou. 175; Taylor v. Chapman, 127 Fla. 401,. 173 Sou. 143. In the last cited case it was held:

"Habeas corpus is not a substitute for demurrer, motion to quash or writ of error, and is not remedy for relief from imprisonment under judgment based upon warrant, information or indictment which is merely defectively or inartificially drawn.

"Ordinarily, an indictment or information which informs defendant of nature of accusation against him, which does not wholly fail to charge an offense and which enables defendant to prepare his defense and protects him from subsequent prosecution for same offense, will not on habeas corpus be held so fatally defective as to render conviction and commitment rendered thereon void.

"Power to discharge from custody by writ of habeas corpus is one that should be exercised with extreme caution and only in clear case and should not be so exercised as to needlessly embarrass administration of justice."

As we construe Section 3 of Chapter 16986, *supra,* the act of making, transmitting or delivering or causing to be made, transmitted or delivered any false statement or affidavit with the intent that the same be used under the provisions of the Act necessarily applies only to statements or affidavits which are known to be false at the time they were made. So, while the allegations of the information may be held sufficient against an attack in habeas corpus, it must be held that the allegation of falsity of the statement must be held to mean that the statement was known to be false

at the time it was made, else no criminal intent could exist in connection therewith, and to prove the allegation that the false statement was made "with intent and purpose that the same should be used under the provisions of said Chapter" the State would be required to prove that such statement so alleged to have been made by Miller was known to him to be false at the time it was made. A statement made by a person who in good faith at the time believed the statement to be true could not be construed to be a criminal act although in fact the statement was not true and although it was intended to be used under the provisions of the Act referred to.

There can be no criminal intent without a guilty knowledge where false representations constitute the gravamen of the offense. When this construction is placed upon the statute and upon the charge made in the information now before us, the accused is advised fully as to the charge against which he must defend himself and also is fully protected against subsequent prosecution for the same offense.

We hold that the allegations of the information are sufficient to show that the Criminal Court of Dade County has jurisdiction of the offense charged.

The return is held sufficient and petitioner is remanded to the custody of the Respondent.

So ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.