SEBRING, Justice.
This is an original habeas corpus proceeding wherein the petitioner by his sworn petition represented to this Court that when he entered a plea of guilty to the crimes for which he is now serving sentence in the state penitentiary he was under the influence of some narcotic drug which had been administered to him, and consequently was not legally competent to enter the plea upon which his judgment of conviction and consequent sentence to prison was predicated.
Based solely upon the allegations of the sworn petition this Court'issued the writ of habeas corpus and required the respondent, as Prison Custodian of the State of Florida, to answer. The answer filed by the respondent flatly denied every ’material averment of the petition and moved for the appointment of a circuit judge as commissioner of this Court, to take testimony on the issues raised by the petition, the writ and the answer, and report his findings to this Court.
Pursuant to the pleadings the Court appointed The Honorable D. O. Rogers, Circuit Judge of the Circuit Court for Polk County, the county wherein the petitioner was tried and convicted for the crimes for which he is now imprisoned, as commissioner of this Court to take testimony on the issues and to report to this Court his findings of fact and conclusions of law thereon with all convenient speed.
In compliance with this order, the circuit judge conducted a hearing at which fifteen witnesses, including the petitioner and - his attorney of record at the original hearing, were sworn and gave testimony. At the conclusion of the hearing the commissioner *691 prepared His report in which he found “that the petitioner, Jessie Shoemaker, alias Jessie Donaldson, is 39 years of age, and that he was brought before the Criminal Court of Record at Bartow, Florida, on the 29th day of January, 1951, in company with his attorney, Honorable Boone Tillett, and that after selection of the jury a noon recess was had and upon the reconvening of the Court in the afternoon on said day, the said defendant through his attorney withdrew his plea of not-guilty and tendered to the Court a plea of ‘guilty’ of the felony charged against him, whereupon the said plea was accepted by the Court and he was sentenced as provided by law and legally caused to be transferred to the State Penitentiary * * * for confinement * * * that the said Jessie Shoemaker, alias Jessie Donaldson, was lawfully tried and convicted of a felony and is now lawfully held by the State of Florida, and that his release should be denied.”
There can be no valid doubt, from a study of the transcript of testimony taken at the hearing, that the petitioner was legally competent at the time he agreed with his counsel of record that the plea of not guilty should be withdrawn and a plea of guilty to the offense charged should be tendered. There is not one scintilla of evidence in the record to suggest that at the time this action was taken by the attorney at the request of the petitioner, the latter was, or ever had been, under the influence of narcotics. Indeed, the petitioner’s own sworn testimony given at the hearing plainly and unequivocally refutes any such contention.
If the petitioner testified truthfully at the habeas corpus hearing, it is difficult to believe that he did not deliberately misrepresent the facts to this Court in order to invoke our jurisdiction in the premises when he filed his petition for habeas corpus, sworn to as the law requires, section 79.01, Florida Statutes 1951, F.S.A., and prayed for the issuance of a writ of habeas corpus upon the facts alleged therein. That the facts sworn to by the petitioner were material and relevant to the issues cannot be questioned. Indeed they constituted'the sole basis for the judicial inquiry that followed. That the petitioner was successful in his efforts to invoke the jurisdiction of this Court upon -the sworn allegations must be obvious from the- fact that this Court accepted the sworn allegations of the petition as prima facie true, and, acting solely in reliance thereon, issued the writ of habeas corpus and required the prison custodian to answer. Thereafter, at' considerable expense and inconvenience to the State of Florida a hearing was ordered on the petition, writ, and answer. Pursuant to the order of' this Court, a hearing was held before a busy circuit judge, at Bartow, Florida, a city approximately 175 miles from the site of the state prison, to which the petitioner was transported and at which many witnesses were re'quired to appear to give testimony. Though the court is always open to hear the claims of persons who contend that they have been convicted or sentenced in violation of constitutional rights, its jurisdiction is not to be trifled with or its processes abused-by persons who invoke its jurisdiction through deliberate falsification or wilful misrepresentation of material facts.
From the record in the cause we find, that the petitioner was lawfully tried and convicted of the crime for which he is being held and that his release from custody should be denied. Accordingly it is ordered that the proceeding in habeas corpus be dismissed and that the petitioner be remanded to custody.
In our disposition of this case we think it is not inappropriate to suggest to the Attorney General of Florida that an investigation be made as to the circumstances under which the sworn petition filed in this. Court was executed by the petitioner, and if, upon such inquiry, the Attorney General finds reasonable cause to believe that the petitioner has been guilty of the violation-of section 117.03, Florida Statutes 1951, F.S.A., or of any other statute of this state-relating to false swearing or perjury, that he recommend to the proper prosecuting *692 officers having jurisdiction in the premises that appropriate criminal proceedings be instituted against the petitioner.
ROBERTS, C. J., and TERRELL and MATHEWS, JJ., concur.