DREW, Justice.
Irvin Hitson by original petition for writ of habeas corpus seeks release from custody, alleging that the five year sentence which he is serving exceeds the maximum sentence for the crime charged in the information upon which he was convicted.[1]
The first count in the information charged Charles L. Hartman with attempting on August S, 1954 to convey certain escape tools into the Hillsborough County jail, purposing aid for petitioner and two others to escape. Petitioner entered a plea of guilty to the second count, which charged that on August 5, 1954 Irvin Hitson, George W. Moat and Edward Earl Daniels “did unlawfully and feloniously aid or assist Charles L. Hartman and each other in their endeavors to escape from the Hillsborough County Jail, when the said Irvin Hitson, George W. Moat and Edward Earl Daniels were lawfully committed or detained therein.” (Emphasis supplied.) The trial judge *299 entered judgment against petitioner on the second count, and on the same day sentenced him to five years imprisonment to begin at the expiration of the sentence he was then serving. The prior sentence allegedly ended on or before February 23, 1957.
Petitioner contends that “the only count on which your petitioner is charged in said information could be properly made only under Section 843.12, Florida Statutes of 1953, [F.S.A.] and the maximum sentence provided therein is imprisonment for one year. * * * ” Unhappily for petitioner, the legislature in 1868 chose to make a distinction which has been retained ever since. Aiding prisoners to[1] escape or attempt to escape from jail is more severely punished than aiding them to escape or attempt to escape from an officer or person who has the lawful custody of them.[2] The latter is governed by Sec. 843.12 and the former, by Sec. 843.11, the elements of which can be realigned for present purposes as follows :
“Whoever * * * with intent to facilitate the escape of any prisoner * * * lawfully committed or detained * * * [in] a jail or other like place of confinement, * * * by any means whatever, aids or assists such prisoner in his endeavors to escape therefrom, whether such escape is effected or attempted or not, * * * shall be punished by imprisonment in the state prison not exceeding ten years; or, if the person whose escape or rescue was effected or intended, was charged with an offense not capital nor punishable by imprisonment in the state prison, then by imprisonment in the jail • not exceeding one year, or by fine not exceeding five hundred dollars.” [3]
By collocating the second charge of the information with § 843.11, it is plain that each element of that crime was charged “in the very language of the statue, or in language of equivalent import.” See Gibbs v. Mayo, Fla.1955, 81 So.2d 739, 740. “Intent to facilitate the escape” is the only element which calls for special comment. The charge that petitioner “feloniously” aided his co-prisoners’ endeavor to escape adequately charged his intent to commit the crime charged, see Grooms v. State, 1923, 85 Fla. 413, 96 So. 296 and State v. Clark, 1909, 32 Nev. 145, 104 P. 593; if this is necessary for the present proceeding, since petitioner admitted his criminal intent- by pleading guilty in the trial court. It is quite true that § 843.11 provides a reduced maximum sentence of one year in the jail “if the person whose escape or rescue was effected or intended, was charged with an offense not capital nor punishable by imprisonment in the state prison.” But this is not an element of the crime established by the legislature, as asserted by petitioner; it is a circumstance requiring mitigation .of sentence.
Petitioner’s above contention presents an alleged defect in the information as a basis for his discharge. It has been said that defects “in an information are not subject to attack in a habeas corpus proceeding unless the defects are of such *300 magnitude that the information utterly fails to charge any crime or offense under the laws of the State of Florida.” Petersen v. Mayo, Fla.1953, 65 So.2d 48. The above statement takes the viewpoint of a collateral attack upon a void judgment, which is frequently taken in cases of this type; and other decisions, which have taken a due process view of the matter, concern themselves with whether or not the information adequately advised the defendant as to the charge against which he must defend himself and fully protected him against subsequent prosecution for the same offense, e. g. State ex rel. Miller v. Coleman, 1938, 130 Fla. 537, 178 So. 157. If the information meets the above tests even though it was defective enough to have been subject to quashal or supplementation by a bill of particulars timely presented by motion, the defendant will not be released from custody in a habeas corpus proceeding. Tubb v. Mayo, 1937, 128 Fla. 190, 174 So. 325; Sweat v. Pettis, 1946, 158 Fla. 104, 27 So.2d 827.
 Since we have already stated that the information charged the crime delineated by § 843.11, Florida Statutes, it is not void for failure to charge an act which is punishable as a crime. The nature of the proviso in the statute is such that the trial judge prior to sentence must judicially determine the commitment status of those persons defendant aided or assisted in their endeavors to escape. The trial judge should incorporate his finding on this important point in his order of sentence, and a failure to do so would make the sentence subject to reversal on appeal; but this is a habeas corpus proceeding, where the petitioner must overcome the prima facie correctness of his imprisonment, Brooker v. Mayo, Fla.1955, 77 So.2d 854. Under the circumstances the petitioner has not been fundamentally prejudiced in his defense, or been rendered subject to double jeopardy.
In denying this basis for relief we ■do so without prejudice to petitioner to show if he can that all of the persons he aided were “charged with an offense not capital nor punishable by imprisonment in the state prison.” If this fact be lawfully proven, the petitioner would fall within those cases which have held sentences void which exceeded the maximum allowed by law. e. g. Devoe v. Tucker, 1934, 113 Fla. 805, 152 So. 624 and Hepburn v. Chapman, 1933, 109 Fla. 133, 149 So. 196.
The sworn petition alleges that petitioner “believed and had a right to believe that if he pleaded guilty to the charge against him in said information, he would be sentenced to prison for not more than one year and under such belief he entered a plea of guilty thereon without the advice of attorney which he would not have done if he had believed that the sentence thereon could be in excess of one year.” In his brief, petitioner expands this statement to allege that an investigator in the office of the county solicitor “told him prior to the plea of guilty, that if he would plead guilty to said charge, he would be given a sentence of not more than three months to run concurrently with the sentence he was then serving and on such inducement petitioner pleaded guilty to said charge and when the court sentenced him to five years imprisonment thereon he attempted to protest the same and explain to the court the terms on which the plea of guilty was made but that he was given no opportunity to be heard thereon and was quickly and immediately taken from the courtroom.” (The latter statements although signed by petitioner’s attorneys are not signed by petitioner and are not made by him under oath.) The reason given for omission of the statements from the sworn petition is that “petitioner was reluctant to allege them.” The reaction of this Court to a sworn petition which was not borne out by a costly trial may have inspired this reluctance. See Shoemaker v. Mayo, Fla.1954, 75 So.2d 690. Regardless of motive, the unsworn statements presumptively authorized by petitioner for inclusion in his brief will not be considered adequate prima facie proof in these circumstances for this court to refer *301 the factual questions to a trial court. Cf. La Barbera v. State, Fla.1953, 63 So.2d 654. Alone, the sworn statement of petitioner does not present adequate evidence,' even if true, to vacate his plea of guilty. This is a proceeding in habeas corpus, not an appeal. An appeal has fixed time limitations and occurs in the normal course of criminal cases, but habeas corpus proceedings do not have these characteristics. Witnesses disappear and other evidence becomes obscured as time passes. If vacation of a plea of guilty by petition for habeas corpus were granted on reference to a petitioner’s subjective state of mind, an unscrupulous defendant could plead guilty and thereafter have such plea vacated so that he could proceed to trial at a time favorable to him. Cf. Moutos v. State, Fla.1950, 49 So.2d 841; Pope v. State, 1908, 56 Fla. 81, 47 So. 487, [cases on appeal].
The writ is quashed and the petitioner remanded to custody.
TERRELL, C. J., HOBSON, THOR-NAL, and O’CONNELL, JJ., and WIG-GINTON, District Judge, concur.

. The question was raised previously but not decided, since this Court held that it was prematurely brought. Hitson v. Mayo, Fla.1955, 82 So.2d 591.

. See Secs. S4S.11 and 843.12, Florida Statutes 1953, F.S.A.

. “843.11 Conveying tools into jail to aid escape; forcible rescue. — Whoever conveys into a jail or other like place of confinement, any disguise, instrument, tool, weapon or other thing adapted or useful to aid a prisoner in making his escape, with intent to facilitate the escape of any prisoner there lawfully committed or detained, or, by any means whatever, aids or assists such prisoner in his endeavors to escape therefrom, whether such escape is effected or attempted or not; and whoever forcibly rescues any prisoner held in custody upon any conviction or charge of an' offense, shall be punished by imprisonment in the state prison not exceeding ten years; or, if the person whose escape or rescue was effected or intended, was charged with an offense not capital nor punishable by imprisonment in the state prison, then by imprisonment in the jail not exceeding one year, or by fine not exceeding five hundred dollars.”