PIERCE, Chief Judge.
Appellant Jessie Shoemaker appeals to this Court from an order entered by the Polk County Criminal Court of Record on December 30, 1970, reaffirming an order of December 18, 1970 in the same Court, denying a petition to vacate a judgment and sentence theretofore entered and imposed against Shoemaker.
From the record of proceedings filed here it appears there has been a succession, in fact a procession, of motions and petitions filed by Shoemaker in the trial Court, the Supreme Court of Florida, the local Federal District Court, and this Court, since he was originally adjudged guilty and sentenced on January 29, 1951, most of which in recent years have been virtual duplications of similar papers previously filed. They have all been heretofore determined adversely to Shoemaker.
As far back as November 12, 1954, the Supreme Court of Florida entertained an original habeas corpus proceeding filed by Shoemaker wherein he was seeking to have his present conviction vacated because, as he alleged therein, he had entered plea of guilty to two separate informations charging assaults with intent to murder Monroe Brannen, and for which he had been sentenced to prison terms aggregating forty years; and that when he later withdrew his plea of not guilty and entered plea of guilty to the crimes alleged in the informations “he was under the influence of some narcotic drug which had been administered to him, and consequently was not legally competent to enter the plea”.
*370 Upon such allegations of the sworn petition the Supreme Court issued the habeas corpus writ. The answer of respondent custodian “flatly denied every material averment of the petition and moved for the appointment of a Circuit Judge as commissioner * * * to take testimony on the issues raised by the petition, the writ and the answer, and report his findings” to the Court; that a Circuit Judge was so appointed, who held extensive hearings and heard much sworn testimony, at the conclusion of which he filed and submitted his report of such testimony and hearings, his findings of fact and conclusions of law. The Supreme Court in its opinion then resumes (Shoemaker v. Mayo, Fla.1954, 75 So.2d 690):
“There can be no valid doubt, from a study of the transcript of testimony taken at the hearing, that the petitioner was legally competent at the time he agreed with his counsel of record that the plea of not guilty should be withdrawn and a plea of guilty to the offense charged should be tendered. There is not one scintilla of evidence in the record to suggest that at the time this action was taken by the attorney at the request of the petitioner, the latter was, or ever had been, under the influence of narcotics. Indeed, the petitioner’s own sworn testimony given at the hearing plainly and unequivocally refutes any such contention.
******
From the record in the cause we find that the petitioner was lawfully tried and convicted of the crime for which he is being held and that his release from custody should be denied. Accordingly it is ordered that the proceeding in habeas corpus be dismissed and that the petitioner be remanded to custody.”
But Shoemaker, like the proverbial brook, has continued to roll on and on, voicing the same refrain of coercion and inadequacy of counsel during the trial Court proceedings. In fact, in the instant proceeding, filed on December 15, 1970, Shoemaker has again alleged he was denied a right to a fair trial because of such ineffective and inadequate representation, relying principally upon certain testimony given by his trial counsel during the testimonial hearing in June, 1954, during the Supreme Court habeas corpus proceeding. Such contention, of course, was put at rest, or supposedly so, by the Supreme Court’s opinion handed down as aforesaid.
The local Public Defender, under appointment to represent Shoemaker on this appeal from denial of his last and instant motion to vacate the judgment and sentence, filed in the Polk County Circuit Court, states in his brief here that he “has determined that adequate counsel was not denied to Appellant” and requests that he be allowed “to be withdrawn as Attorney of record in this appeal”, citing Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493.
Copy of the Public Defender’s brief was served by certified mail upon Shoemaker on May 19, 1971, at the State Prison, whereupon this Court on May 27, 1971, entered order herein allowing Shoemaker thirty days therefrom to “file an additional brief calling the Court’s attention to any matters that he feels should be considered in connection with the appeal in this cause”. Since then Shoemaker has filed a brief here in his own behalf, to which the State has replied.
It appears that the present contention of Shoemaker is in essence a duplication of his previous contentions, including those made in the habeas corpus proceeding in 1954. However, in an abundance of caution, we have again read and considered carefully the entire record on file in this Court in this proceeding, including the recent briefs of the parties. We find no reversible error. We are satisfied, as was the trial Court, that on January 29, 1951, when Shoemaker, accompanied by his then trial counsel, withdrew in open Court his previous plea of not guilty and entered plea *371 of guilty to the two felony informations, he did so knowingly, intelligently, and with adequate and competent representation and advice of counsel. The order appealed is therefore
Affirmed.
HOBSON and McNULTY, JJ., concur.