298 So.2d 208 (1974)
Bland Mann WATERS, Appellant,
v.
STATE of Florida, Appellee.
No. 72-888.
District Court of Appeal of Florida, Second District.
July 31, 1974.
*209 Bland Mann Waters, appellant, pro se.
James A. Gardner, Public Defender, and Elliott C. Metcalfe, Jr. and E. Earl Taylor, Jr., Asst. Public Defenders, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Guy E. Labalme, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Judge.
On appeal to this court from his conviction of robbery, appellant contends that the trial court committed reversible error by improperly failing to charge the jury as to his intention to permanently deprive the victim of her property.
Defense counsel did not request additional instructions, or specifically object to the omission of the word permanently, but did object to the instructions on the ground that the definition of robbery was vague, ambiguous, indefinite and an incomplete statement of law.
A challenged instruction, or portion thereof, must be considered with the whole instruction or other instructions bearing on the same subject in determining whether the law was fairly presented or whether the instruction might have misled the jury. Diecidue v. State, Fla. 1961, 131 So.2d 7; Jones v. State, Fla.App.2d, 1966, 187 So.2d 915. A conviction will not be reversed for a technical error in charges given, where the evidence of guilt is clear and such error was not prejudicial to the defendant. Settles v. State (1918) 75 Fla. 296, 78 So. 287; Mathews v. State, Fla. App.2d 1969, 221 So.2d 431.
In its charge on the offense of robbery the trial court included as one of the material elements the unlawful robbing, stealing or taking with the intent to deprive the owner of the property. The word permanently was omitted in this charge, but was included in the charges on the lesser included offenses of larceny in relation to the intent to deprive the victim of her property. Also, the word permanently was included in the information charging Waters with robbery.
The word steal, used in the charge defining robbery, is a taking without right or leave, with intent to keep wrongfully. Grooms v. State, 85 Fla. 413, 96 So. 296 (1923); Baldwin v. State, 46 Fla. 115, 35 So. 220 (1903).
Unlike Canada v. State, Fla.App.2nd 1962, 139 So.2d 753, the charge in the case sub judice did contain the element of intent to deprive the owner of her property. And also, unlike Canada, appellant's defense was not based on the ground that the taking was not felonious, or that he did not intend to deprive the owner of her property permanently. To the contrary, the evidence is overwhelming that the robbers took the $80,000 with the intention of keeping it, and did in fact keep it.
While the challenged instruction is not a model one, read as a whole it fairly presented the law, and certainly was not such as to mislead the jury or prejudice the defendant under the circumstances in this case. As stated in State v. Bryan, Fla. 1973, 287 So.2d 73, 75:
"... What is important is that sufficient instructions  not necessarily academically perfect ones  be given as adequate guidance to enable a jury to arrive *210 at a verdict based upon the law as applied to the evidence before them."
The other points raised by appellant have been examined and found to be without merit.
Affirmed.
MANN, C.J., and BOARDMAN, J., concur.