N. B. BROWARD, APPELLANT, vs. THE STATE.

1. An indictment will lie against a trespasser on the public lands of the State of Florida under the act of January 13th, 1849.

2. Counsel have the right to embody, in their motions to quash or in arrest, what statements they please, but no Court can regard such statements as evidence.

3. The proper way to get facts before an appellate Court, in such form as to render them evidence, is to make a statement of them in the shape of a bill of exceptions, and then get the Circuit Judge to sign and seal it and order it to be made a part of the record.

4. An indictment will not be quashed except for something appearing in the indictment itself.

This case was decided at Jacksonville.

*Jno. D. Price* for appellant.

*Attorney General* for the State.

WALKER, J., delivered the opinion of the Court.

At the spring term, 1859, of Duval Circuit Court, appellant was presented and indicted, under the act of January 13th, 1849, for trespassing on the public lands of the State of Florida. At October term, 1860, he was found guilty, and judgment was entered against him for twenty dollars. He then appealed to this Court.

It is urged that the Circuit Court erred, first, in overruling a motion of counsel for appellant to quash the indictment; second, in overruling his motion in arrest of judgment.

The grounds on which the motion was made to quash the indictment, are

" 1st. Because the State of Florida has no title in or to the lands named (which is admitted to be swamp land,) and described in said indictment, or such title as would authorize the State to recover out of these defendants.

"2nd. That the Legislature have conveyed and transferred .all the State's title to the lands named and described in said indictment, irrevocably, to five trustees, and thereby divested the State of Florida of all legal title to said lands.

"3rd. Said five trustees are the proper parties to bring this action and recover from these defendants any damages which said land sustained by reason of said supposed trespass, being one of the objects of their trust to take care of and protect the public lands, for which these defendants have been indicted.

"4th. The law under which these defendants are indicted is not of a criminal nature, and the action should be on the common law side of the Court."

Admitting that the facts stated in the 1st, 2nd and 3rd of the foregoing grounds are true, they constitute no ground for quashing the indictment. An indictment can be quashed only for something in the indictment itself, as for instance where the facts stated in it do not amount to an offence punishable by law. (See Wharton's Criminal Law, 184.) But the 1st, 2nd and 3d grounds aboved stated do not appear in the indictment. They are facts entirely outside of it, and if true and good for anything, should have been used as evidence on the trial, and not as grounds for a motion to quash. The indictment simply states that the defendant trespassed on certain public lands of the State of Florida, giving the numbers. Now if those lands mentioned in the indictment were swamp land, and had been conveyed to trustees, &c., and those facts constituted any defence, they were clearly facts to go in evidence before the jury, and not to be used on a motion to quash.

The 4th ground assigned on the motion to quash, being also one of the grounds subsequently assigned on the motion in arrest of the judgment, we will consider it in connection with that motion.

The grounds on which the motion in arrest of judgment was made, are as follows:

"1st. That there is no law upon which an indictment for the above crime or misdemeanor can be found.

"2nd. That there is no law now in force in this State under which an indictment by the grand jury can be legally found for the offence as charged.

"3rd. That said defendants were put on their trial on the criminal side of the Court, contrary to law.

"4th. That said indictment concludes against the form of the statute in such cases made and provided, when there is no statute to punish offenders against said law, criminally.

"5th. That the said indictment should conclude against an act of the General Assembly.

"6th. That the patent introduced as evidence contains a patent ambiguity."

In arguing the first and second grounds above stated, counsel for appellant contended that the act of January 13th, 1849, was virtually repealed by the internal improvement act of January 6th, 1855, inasmuch as that act irrevocably vests in five trustees the lands which it is contended are mentioned in the indictment. But even if it be admitted, for the sake of argument, that the act of 1855 repeals the act of 1849, so far as it relates to the lands mentioned in the former act, still it does not follow that the judgment should have been arrested, for the indictment is simply for trespassing on the public lands of the State of Florida, and there is not a particle of testimony in the record to show that the lands on which the trespass was committed are the same lands mentioned in the act of 1855. It is true that the record shows that the counsel for appellant stated in his motion to quash that it was admitted that the lands mentioned in the indictment were swamp lands, but he did not state that fact as a witness but only as counsel, and therefore it could

not be regarded either by the Circuit Court or this Court as evidence. Counsel have the right to embody what statements they please in their motions, and yet, however undisputed their veracity, no Court can regard such statements as evidence. The proper way to get facts before an appellate Court, in such form as to render them evidence, is to make a statement of them in the shape of a bill of exceptions, and then get the Circuit Judge to sign and seal it, and order it to be made a part of the record.

We desire to call the attention of the bar particularly and pointedly to the rulings of this Court on bills of exceptions in the cases of Proctor vs. Hart, 5 Fla., 469, and Bailey vs. Clark, 6 Fla., 519.

The third and fourth grounds assigned for arrest of judgment are the same in substance as the fourth ground previously assigned on the motion to quash. The idea on which they are all based is, that the act of January 13th, 1849, does not authorize an indictment against trespassers on the public lands, but only a civil action. After a careful examination of said act, however, we are clearly of a different opinion. The first and second sections of said act read as follows :

"SECTION 1. It shall be the duty of the Judges of the Circuit Courts to charge the Grand Juries of their respective counties within their districts, to present all and every person who shall hereafter trespass upon the public lands of this State, to the damage or injury of the same, whether the same are for the support of schools, seminaries or internal improvements.

"SEC. 2. On every such presentment, it shall be the duty of the Solicitor to prosecute the person or persons presented in the name of the State, and, upon conviction, the person or persons convicted shall pay t..e costs and a fine equal to four times the amount of damage sustained by the State on account of said trespass."

The terms used in the second section seem to us utterly inconsistent with the idea that a civil suit was intended. The Solicitor is to prosecute the *person* or *persons* presented, and upon *conviction*, the person or persons *convicted*, shall pay a *fine*, &c. It is entirely unusual, in speaking of civil suits, to say a person is *prosecuted*, and *convicted* and *fined*. These are terms descriptive only of criminal proceedings. We are confirmed in this view by the third section of the act under consideration, which reads as follows:

"Sec. 3. It shall be the duty of the Solicitors of the several Circuits to bring such actions, for the use and occupation of the above mentioned lands, as he may be directed to bring by the Register of Public Lands, and to prosecute said suits to a final recovery."

In this 3d section, a civil action is clearly intended, and hence the Solicitor is instructed to prosecute, not the *person* or *persons*, but the *suits* to a final *recovery*, not to a final *conviction*. Persons are prosecuted, *convicted* and *fined* only in criminal proceedings. Suits are *brought* and prosecuted to final *recovery* only in civil proceedings.

The fifth and sixth grounds assigned in arrest of judgment were not relied on by counsel in argument before this Court, and we consider that the Circuit Court did not err in overruling them.

Let the judgment be affirmed, with costs.