J. D. WHITMAN, *Plaintiff in Error, v.* STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed May 28, 1929.

*C. B. Smith* and *Charles E. Davis,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *H. E. Carter,* Assistant for the State.

ELLIS, J.—About dusk on the evening of November 2, 1927, J. D. Whitman was driving an automobile on the public highway and ran into a wagon in which Judie and John Wilkins were traveling, going in the same direction in which the automobile was traveling.

The result of the accident was the death of the two occupants of the wagon. Whitman was indicted for manslaughter for the killing of Judie Wilkins, one of the occupants of the wagon. The accident occurred in Madison County within the corporate limits of the town of Lee. Whitman was convicted and sentenced to a term of two years in State prison. It was sought to reverse the judgment on writ of error.

The defendant moved to quash the indictment upon the grounds that it fails to sufficiently identify the offense sought to be charged so as to protect the defendant after trial from ''danger of a future prosecution for the same offense''; that the indictment names J. D. Whitman as the defendant, whereas the defendant's name is Julian D. Witman, and for ''other grounds apparent.'' The motion was overruled.

In the brief all these grounds seem to be abandoned but it is argued that because the indictment did not describe Judie Wilkins as a human being it is defective. The grounds of the motion are without merit as well as the point made in the brief.

The indictment charges the defendant with killing Judie Wilkins by careless and reckless driving of an automobile and being at the time under the influence of intoxicating liquors. The facts are alleged with clearness and certainty. Culpable negligence is charged. Driving the automobile at a high rate of speed on the public highway in a negligent, careless and reckless manner while under the influence of intoxicating liquor; the driving of the automobile to and against the body of Judie, throwing her to the ground with violence, causing injuries from which she died about a and ten days later.

The indictment was framed under a provision of Chapter 9269, Laws of Florida 1923, being an Act to amend Sec.

5563, Rev. Gen. Stats., relating to intoxicated persons operating automobiles. The provision applicable to this case is as follows: "And if the death of any human being be caused by the operation of a motor vehicle by any person while intoxicated, such person shall be deemed guilty of manslaughter and on conviction be punished as provided by existing law relating to manslaughter."

An indictment will not be quashed for indefiniteness unless so vague and indefinite as to mislead or embarrass the accused in his defense, or subject him to the danger of a new prosecution for the same offense. See Wolf v. State, 72 Fla. 572, 73 So. R. 740; Ellis v. State, 74 Fla. 215, 76 So. R. 698; Steffanos v. State, 80 Fla. 309, 86 So. R. 204.

The attack made in the second ground of the motion that the defendant's name was Julian D. Witman and not J. D. Whitman should have been made by plea in abatement. A motion to quash was not the proper procedure. The function of such a motion is to present an imperfection apparent upon the face of the indictment attacked, not to introduce some extraneous fact which has to be established by evidence before it can be effective to accomplish the destruction of the pleading attacked. See Broward v. State, 9 Fla. 422; Barber v. State, 52 Fla. 5, 42 So. R. 86; Mills v. State, 58 Fla. 74, 51 So. R. 278; Disney v. State, 72 Fla. 492; 73 So. R. 598.

Upon the subject of pleas in abatement for misnomer, see the discussion in Waldron v. State, 41 Fla. 265, 26 So. R. 701.

The last ground of the motion is too general to be considered. When one desires to attack an indictment by a motion to quash because of some substantial or formal defect in it appearing upon its face the motion should specifically point out the alleged defect. To state merely that the indictment is bad for apparent reasons is to add nothing to the bare objection that it is bad.

The point made in the brief that the indictment should have alleged that Judie Wilkins was a "human being" is without merit. The charge would have been precisely stated by alleging that she was a human being, but that failure to impart so high degree of accuracy to the language of the charge could be waived. It was waived in this case, and it cannot be said that the failure to allege that Judie was a human being misled the defendant to his injury and caused a miscarriage of justice. It is not necessary to allege that the deceased was a human being. 10 Enc. Pleading and Practice, 146.

There was a plea in abatement to the indictment presenting the misnomer of the defendant. The court sustained a demurrer to it. There was no error in the ruling. The names "Witman" and "Whitman" are so near alike in sound as to be within the rule of *idem sonans*. See Myers v. State, 84 Fla. 508, 94 So. R. 507.

A motion for a continuance was made and overruled. That constitutes the basis for the third assignment of error. The motion was not improperly overruled. It showed no service of the subpoena upon the absent witness, or that she was the only person by whom the same facts to which it was alleged she would testify could be shown, that her testimony would not be merely cumulative, nor does the affidavit set forth how the defendant knew that the absent witness would testify as set forth in the affidavit. There are other defects in the affidavit which, as this Court has said, should be scanned with more care than in a civil case. See Bryant v. State, 34 Fla. 291, 16 So. R. 177; Moore v. State, 59 Fla. 23, 52 So. R. 971; Easterlin v. State, 43 Fla. 565, 31 So. R. 350; Reynolds v. Smith, 49 Fla. 217, 38 So. R. 903; Adams v. State, 56 Fla. 1, 48 So. R. 219; Fla. East Coast R. Co. v. Smith, 61 Fla. 218, 55 So. R. 871; Stinson v. State, 76 Fla. 421, 80 So. R. 506.

The fourth assignment of error attacks the sufficiency of the evidence to sustain the verdict. The assignment is not well taken. The evidence was sufficient to justify the conclusion reached by the jury. A discussion of it would avail nothing. There was evidence of intoxication, reckless driving and there was a confession.

The judgment is affirmed.

TERRELL, C. J., AND WHITFIELD AND BUFORD, J. J., concur.

BROWN, J., dissents in part.

BROWN, J. (dissenting in part) : It appears to me that the indictment in this case was drawn under Sec. 5039, Rev. Gen. Stats., 7141 Comp. Gen. Laws, the general statute on the subject of manslaughter. It is true that in addition to the language necessary to constitute a charge under this statute the indictment embraces the following words: "And being at the time under the influence of intoxicating liquors." It was held in Cannon v. State, 107 Fla. 360, 91 So. R. 214, that these words are not sufficient to charge an offense under Chap. 9269 of the Laws of 1923, which makes it manslaughter where a person is killed by the operation of a motor vehicle by any person "while intoxicated." This Act was amended by Chapter 11809 of the laws of 1927 and it now appears as Sec. 7749 of Comp. Gen. Laws. However, the amendment did not change that provision of the statute involved here, and which was discussed in the Cannon case. The indictment was entirely sufficient to charge the crime of manslaughter under the general statute on that subject above referred to, and I think it was predicated upon that statute. The inclusion of the words "and being at the time under the influence of intoxicating liquor," does not, of course, invalidate the indictment. It may be treated as sur-

plusage, though evidence that the defendant was under the influence of intoxicating liquor would be admissible as tending to support the charge of culpable negligence. It was held in the Cannon case that being under the influence of intoxicating liquors was not synonymous with being intoxicated; that, although all persons intoxicated by the use of alcoholic liquors are necessarily under the influence of such liquors, the reverse of the proposition is not true; but that a person may be under the influence of intoxicating liquors without being intoxicated in the usual and commonly accepted meaning of that word.

It is true that after the tragic accident, in which both occupants of the automobile were seriously injured, the defendant assumed full responsibility and sought to shield the young lady who was accompanying him at the time and absolve her from any connection with it, and his statement to the sheriff, while not going into details, might be construed to constitute a confession. And his testimony was somewhat along the same line, though he did finally state that he was not driving the car at the time. But his attorneys were evidently not deterred by this gallant gesture on the part of their client, and made a motion for a continuance on the ground of the unavoidable absence of a material witness—the young lady herself—whose attached affidavit frankly stated that she was driving the car at the time, and explaining in some detail the circumstances under which the fatal collision occurred.

I am of the opinion that the motion for continuance should have been granted. The motion, with the attached exhibits, showed that the defendant would have been able to prove by the absent witness that she and not the defendant was driving the car at the time the accident happened. The motion also alleged that the defendant would be able to show by the testimony of such witness that the defend-

ant had not been drinking and was not intoxicated. This was evidence vitally material to the defendant and I think the motion shows a sufficient and *bona fide* effort on the part of the defendant to secure the attendance of such witness. The motion alleged that the absent witness resided in Gainesville, Florida; that the defendant had caused due process of the court to issue directed to said witness which said process was sent to the sheriff of Alachua County, Florida; that the affiant was informed and believed, service had been perfected upon the said witness in ample time to secure the attendance of said witness; that a telegram from the sheriff of Alachua County and also from a medical doctor was attached to the motion stating the inability of said witness to attend because of illness. The certificate of the physician appears to be entirely sufficient and the telegram from the sheriff corroborated it, and showed that he had received the subpoena in time. As Gainesville is not very far from Madison, where the trial was had, the subpoena was evidently served in ample time to have secured the attendance of the witness at the trial, if she had been able to come. Furthermore, an earlier issuance and service of the subpoena would not have prevented the illness of the witness.

To my mind the requiring of the defendant, on this showing, to go to trial without the benefit of this, his only witness, and whose testimony was so vitally important to the defendant, was reversible error.

I think the case should be reversed.