PAUL RODRIGUEZ, *Plaintiff in Error,* v. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed January 3, 1930.

1232

*T. B. Castiglia,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

DAVIS, Commissioner:

The plaintiff in error is before this Court on writ of error from the Criminal Court of Record of Hillsborough County. The record before us is not properly made up, under either Rule 103, or Special Rule 3. Papers purporting to be motions to quash, bill of exceptions, instruction to jury, verdict, judgment, *praecipe* for writ of error, writ of error, writ of *scire facias ad audiendum errores,* assignment of errors and written direction to the clerk for making up transcript, are copied without any recital, or anything else, to show how they came into the case.

There is nothing in the record to show that the plaintiff in error was arraigned and entered a plea to the information, or that a plea was ordered entered by the court, or that a jury was impaneled and sworn to try the plaintiff in error. Such violations of the rule are inexcusable. This Court has repeatedly held that the plaintiff in error and his attorney are charged with the duty of bringing to this Court a correct and truthful transcript of the record in the trial court. Timmons v. State, 119 So. R. 393; Lovett v. State, 29 Fla. 384, 11 So. R. 176; Clinton v. State, 53 Fla. 98, 43 So. R. 312. In Stockley et al. v. Conner, 69 Fla. 412, text 442, 68 So. R. 452, this Court said:

"We take judicial knowledge that under our rules for the preparation of transcripts upon appeal the entire record below is not necessary to be brought up in the transcript, but only such parts thereof as may be directed to be incorporated therein by the written demands of the respective parties. Therefore the absence from a transcript of any evidence of this or that step or action having been taken in the court below in a cause is no evidence to this Court that such step or action was not in fact taken therein."

It is recited in the bill of exceptions shown in the record that "on the 12th day of July, 1928, during the term of said court, the issue joined between the said parties came to be tried before a jury." It may be said that because of this recital it may be inferred that there was an arraignment of the plaintiff in error and that he had pleaded to the information and also that a jury was duly impaneled and sworn to try the issue; but such matters should not be left to inference. The writ of error should probably be dismissed because no sufficient transcript of record has been exhibited here; but inasmuch as the plaintiff in error has

not predicated any assignment of error upon a failure to arraign the defendant, a failure to plead, or a failure to impanel and swear a jury, and it appears that the plaintiff in error was adjudged insolvent we are disposed to treat this case as though everything was regular in the court below. This course of action in this case, however, should not be taken as a precedent.

The plaintiff in error was jointly indicted with other parties and a severance was had, and upon trial, was convicted on the count of the information charging him with buying, receiving and concealing stolen property, knowing at the time that it had been stolen, and he has assigned twenty-four errors, but there are many of them that are palpably without merit. We will discuss only those that we deem of sufficient importance to refer to.

Complaint is made of the ruling of the court in denying motion to quash the information. This motion was directed at the information as a whole, and not to each count thereof severally, and inasmuch as it contained two counts, one charging certain defendants with grand larceny, and the plaintiff in error with being an accessory before the fact, and the other charging the plaintiff in error, together with other named defendants, with the purchasing, receiving and concealing of certain personal property belonging to other parties, knowing at the time that the same had been stolen, if either of said counts sufficiently charged an offense against the laws of the State, the ruling on the motion was proper. Sigsbee v. State, 43 Fla. 524, 30 So. R. 816; Wolf v. State, 72 Fla. 572, 73 So. R. 740. It is not even contended by the plaintiff in error in his brief that the first count does not sufficiently charge an offense against our law, and the only criticism that he makes of the second count is that it was amended before he pleaded to it, and that it was not resworn to by the county solicitor, or refiled.

There being no objection to the first count, this case should not be reversed and remanded for another trial because of the refusal of the court to grant the motion to quash. We will say further, however, that there is nothing in the record to show that the second count was altered or amended after the filing of the information, except the recitals in the motion to quash. An indictment will not be quashed, except for something appearing on its face (Broward v. State, 9 Fla. 422; 10 Enc. Pl. & Pr. 569) and the statute (Sec. 8257, Comp. Gen. Laws of Florida) makes the rules of pleading and practice that obtain as to indictments, applicable to information. Therefore, there is no foundation in the record for the criticism aimed at the second count.

Plaintiff in error further complains that county solicitor altered, changed and modified the information, without first obtaining the permission of the court, and over objections of counsel for defendant, and that he failed to reswear to the same in accordance with law. There is nothing in the record, other than mere recitals in the motion to quash the information, that would indicate that the information was changed, altered or modified. The assignments of error predicated upon such supposed state of facts are without merit.

The action of the court in permitting accomplices to testify, over objection of counsel, is also assigned as error. The ruling of the trial judge is sustained by the decisions of this Court. Peterson v. State, 95 Fla. 925, 117 So. R. 227; Adams v. State, 28 Fla. 511, 10 So. R. 106; Williams v. State, 42 Fla. 205, 27 So. R. 898; Killingworth v. State, 90 Fla. 299, 105 So. R. 834; Sec. 4373, Comp. Gen. Laws of Florida.

There was evidence submitted, sufficient, if believed, to definitely locate the place where the crime was committed,

as being in Hillsborough county. Furthermore, there were references to localities that were amply sufficient to prove the venue. Timmons v. State, 119 So. R. 393.

The evidence was sufficient to sustain the verdict.

The plaintiff in error was by a jury found guilty of a felony, punishable by imprisonment in the State prison, not exceeding five years, or by fine not exceeding five hundred dollars. Sec. 7239, Comp. Gen. Laws of Fla. The judgment shows that he was sentenced to confinement "in the county jail for a period of one (1) year." It is shown by the evidence that the property, proven to have been stolen, was restored to the party from whom it had been taken. It is quite probable that the presiding judge had this in mind, and for that reason imposed a jail sentence, as he had a right to do, under Section 7240, Comp. Gen. Laws of Fla. In such event the judgment should recite the fact that the stolen property had been restored, or that the injured party had been satisfied to the full value of the property.

The case should be remanded for proper sentence.

PER CURIAM.—The record in this cause having been considered by the Court and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that this cause should be, and the same is hereby remanded to the Court below, for proper sentence.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.