STATE, *ex rel.* JOSEPH MAIHOIT, and RAYMOND SAUCIER v. J. R. McLEOD, Sheriff of Hillsborough County.

184 So. 885. ·
Opinion Filed November 23, 1938.
Rehearing Denied December 20, 1938.

*A. C. Brooks,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—The plaintiffs in error were convicted in the Criminal Court of Record of Hillsborough County of the offense denounced by Section 5138 R. G. S., 7239 C. G. L., that is of receiving and concealing stolen property, knowing the same to have been stolen.

Having been given time to make restitution, the accused made restitution under the provisions of Section 5139 R. G. S., 7240 C. G. L., and, upon this showing being made, they were sentenced under the latter section to serve two years at hard labor in the county jail. Having been committed to jail under the sentence, they sued out writs of habeas corpus in the Circuit Court, contending that the sentence pronounced upon them requiring them to serve two years of hard labor in the county jail was without authority of law and that Section 5139 R. G. S., 7240 C. G. L. provides no enforceable prison sentence.

On return being made to the writ and the hearing had, the Circuit Court remanded the petitioners to the custody of the Sheriff under an order reading as follows:

"This cause coming on to be heard upon the petition for writ of habeas corpus, the writ and return thereto, and the petitioners being present and represented by counsel, and the said respondent being represented by the State Attorney, and the Court having heard and considered the same, together with argument of counsel thereon, and being of the opinion that this case is governed and controlled by the case of Rodriguez v. State, 98 Fla. 1231, 125 So. 353,

"It Is ORDERED AND ADJUDGED that the said petitioners and each of them are hereby remanded to the custody of the Sheriff of Hillsborough County, Florida.

"To this ruling the defendants and each of them take exception, and it is further

"ORDERED by the Court that the said petitioners and each of them are hereby allowed writ of error returnable to the Supreme Court of the State of Florida.

"DONE AND ORDERED at Tampa, Florida, this 9th day of June A. D. 1937."

In the case of Rodriguez v. State, mentioned in the Circuit Judge's Order, it is said:

"The plaintiff in error was by a jury found guilty of a felony, punishable by imprisonment in the State Prison, not exceeding five years, or by fine not exceeding five hundred dollars. Sec. 7239 Comp. Gen. Laws of Fla. The judgment shows that he was sentenced to confinement 'in the county jail for the period of one (1) year.' It is shown by the evidence that the property, proven to have been stolen, was restored to the party from whom it had been taken. It is quite probable that the presiding judge had this in mind, and for that reason imposed a jail sentence, as he had a right to do, under Section 7240 Comp. Gen. Laws of Fla. In such event the judgment should recite the fact that the

stolen property has been restored, or that the injured party had been satisfied to the full value of the property."

We hold that Section 5139 R. G. S., 7240 C. G. L., and Section 5138 R. G. S., 7239 C. G. L., must be read *in pari materia*. In fact, Section 5138 R. G. S., 7239 C. G. L. was Section 39 of sub-chapter 4 of Chapter 1637, Acts of 1868, while Section 5139 R. G. S., 7240 C. G. L., was Section 40 of the same Act; and when so read imprisonment for the term of five years is to be construed as the limit fixed by the legislature for imprisonment under the Act.

The only thing that is accomplished by the latter section is that in case the terms of that section are complied with the court may not sentence the convicted person to State prison, but may sentence him to such other punishment as the court may direct, which punishment, however, if imprisonment, must be not in State prison and not for a longer period than five years.

It, therefore, follows that the judgment remanding the petitioners to the custody of the sheriff should be, and is, affirmed.

So ordered.

TERRELL, C. J., and WHITFIELD, BROWN and CHAPMAN, J. J., concur.

THOMAS, J., not participating.