Jack Williamson, Charlie Davis, and Walter Woodward (Woodard), v. L. R. Baker, Sheriff of Palm Beach County, Florida.

4 So. (2nd) 471
En Banc
Opinion Filed November 4, 1941

*McGill & McGill,* for Petitioners;

*J. Tom Watson,* Attorney General, *Sidney L. Segall,* Assistant Attorney General, and *Woodrow M. Melvin,* Special Assistant Attorney General, for Defendant.

Per Curiam.—On an application to this Court for a writ of habeas corpus it appears that on May 22,

1933, the three petitioners and one other person were indicted for murder in the first degree, alleged to have been committed on May 13, 1933. A history of the legal proceedings under such indictment may be found in Chambers v. State, 111 Fla. 707, 151 So. 499; 113 Fla. 787, 152 So. 437; 117 Fla. 642, 158 So. 153; 123 Fla. 734, 167 So. 697; 136 Fla. 568, 187 So. 156; Chambers v. Florida, 309 U. S. 227, 60 Sup. Ct. 472, 84 Law Ed. 716.

The validity of the indictment was not adjudicated in any of the cited cases, only questions of evidence and procedure being presented for decision.

After the judgment of conviction had been reversed and the cause remanded to the trial circuit court, counsel for the defendants on December 3, 1940, filed in such court an amended motion to quash the indictment on the ground in effect that the indictment which was filed May 22, 1933, was presented and filed by a grand jury that was selected, drawn and empanneled in violation of the equal protection clause of the Fourteenth Amendment to the Federal Constitution in that the defendants are negroes, and negroes were excluded as jurors in the county "solely and only because of their race and color," rendering the indictment of May 22, 1933, invalid. This defense to the indictment had not theretofore been presented for adjudication. The present law authorizes the use of a motion to quash instead of a plea in abatement. Secs. 138, 139, c. 19554, Acts of 1939, Secs. 8663 (145), 8663 (146) of 1940 Supp. to C.G.L.

The Circuit Judge adjudged as follows:

"This cause was duly presented in Open Court, upon an amended Motion to Quash the Indictment, which

was filed December 3, 1940. The Court has heard testimony offered by the parties, and has duly considered this case.

"No useful purpose would be served in writing an opinion.

"The motion to Quash the Indictment seeks the discharge of these negro defendants, on the ground that the Indictment was returned in Broward County by a grand jury composed of men selected wholly from the white race, even though there were a large number of negroes eligible and available for jury service. It is urged that the elimination of the negroes from the jury list was an arbitrary, intentional act, resulting in a gross discrimination as against these defendants, which denied to them 'the equal protection of the laws' guaranteed to them by the Constitution.

Upon authority of Kelly v. State, 44 Fla. 441, 33 So. 235, and several decisions of the Supreme Court of the United States, it is obvious that the allegations of the Motion to Quash are sufficient in point of law.

"The proof shows that for a long period of time no negroes were placed on the jury list. It is very doubtful if there were a large number of negroes who possessed the exacting qualifications listed in Sec. 4444, Compiled General Laws of 1927, for the service of men upon a jury. At the same time, it does appear that there were some negroes who were well qualified to be on the jury. Their exclusion was not accidental.

"The Federal Constitution guarantees to all 'the equal protection of the laws.' Under this, all men black or white, are entitled to an impartial consideration of their rights by all public officials, whether executive, legislative or judicial. The defendants are entitled to no more, but they should receive no less.

"From a consideration of this entire record, it is the conclusion of the Court that the total lack of any negroes upon this jury list indicates an intentional racial discrimination, which requires the Court to quash this Indictment.

"It further appears in this cause that a fourth defendant, one Izell Chambers, by reason of illness, is incarcerated at the State Hospital at Chattahoochee, Florida, but that the same facts surrounded his Indictment surrounded the Indictment of the three defendants named in this Motion.

"THEREUPON, IT IS ORDERED AND ADJUDGED that the Amended Motion to Quash the Indictment, be granted; that the defendants, Charlie Davis, Jack Williamson, Walter Woodard and Izell Chambers, be discharged, with costs in this cause taxed against Broward County; and

"IT IS FURTHER ORDERED AND ADJUDGED that Izell Chambers be remanded to the custody of the Superintendent of the State Hospital at Chattahoochee, Florida, for detention until such time as by operation of the law the Superintendent of such Hospital shall direct the discharge or release of said Izell Chambers, and that a copy of this Order be sent to the Superintendent.

"DONE AND ORDERED, in Open Court, this December 11, A. D. 1940.

C. E. Chillingworth
Circuit Judge"

In the petition for Writ of habeas corpus presented to this Court, it is in effect alleged that the petitioners are "restrained of their liberty" by the Sheriff of the county; that on the day of their discharge by the circuit court they were again arrested and charged

with the same offense; that on March 11, 1941, the grand jury of the county returned a second indictment against petitioners charging them with the identical offense for which they had been indicted and discharged; that they have had no preliminary hearing or arraignment, although the term of the circuit court in which they were indicted has ended; that the second indictment is null and void and is not sufficient cause for the Sheriff to continue to hold petitioners in prison; that the grand jury could not lawfully indict petitioners for the second time for the same offense unless the Circuit Judge, in his order quashing the first indictment and discharging them, had directed that said cause be re-submitted to a subsequent grand jury.

The prayer is that a writ of habeas corpus be issued by this Court, and on a final hearing hereof that petitioners be discharged. The application was heard by this Court on oral arguments and briefs of counsel.

Prior to the enactment of the Criminal Procedure Act of 1939, a motion to quash was confined to the face of an indictment. See Broward v. State, 9 Fla. 422; Rodriquez v. State, 98 Fla. 1231, 125 So. 353; Lake v. State, 100 Fla. 370, 129 So. 832. The legality of juries was tested by plea in abatement. See Tarrance v. State, 43 Fla. 446, 188 U. S. 519, 23 Sup. Ct. 402, 47 Law Ed. 572.

Motion to quash now supersedes pleas in abatement in criminal cases. Sec. 138, c. 19554, Acts of 1939, Sec. 8663 (145) of 1940 Supp. to C.G.L.

The indictment filed March 11, 1941, sufficiently charges the defendants with murder in the first degree as defined by the statute, and the ground of invalidity stated against the indictment involves matters *in pais*,

relating to the selection of a grand jury, which might be appropriate under the present statute in a motion to quash made in the trial court if the indictment filed March 11, 1941, was presented by an illegal grand jury; but such matters clearly are not appropriate in an application for a writ of habeas corpus in this Court which has no original trial jurisdiction in criminal cases. See Jones v. Cook, 146 Fla. 253, 200 So. 856.

But it is contended that as the Circuit Judge in discharging the defendants from custody under the original indictment did not require the accusation against the defendants to be submitted to a subsequent grand jury, the petitioners are entitled to be discharged from further custody by virtue of Sec. 141, c. 19554, Acts of 1939, Sec. 8663 (148), 1940 Supp. to C.G.L., which is as follows:

"If the motion to quash is sustained the Court may order that another information be filed or that the matter be again submitted to a grand jury, or if the matter is such that an information might have been filed against the defendant if he had not been indicted, that an information be filed for the offense charged in the indictment. If one of the aforementioned orders is made the defendant, if in custody, shall remain so unless he shall be admitted to bail. If such order is not made or if having been made, a new indictment is not found by the same or the next succeeding grand jury having authority to inquire into the offense, or another information not filed within a time to be specified in the order or within such further time as the court may allow for good cause shown, the defendant, if in custody shall be discharged therefrom, unless he is in custody on some

other charge; if he has been released on bail he and his sureties are exonerated, and if money or bonds have been deposited as bail such money or bonds shall be refunded."

Even if the quoted statute be subject to the construction that a defendant must be discharged unless the trial Judge does authorize subsequent proceedings against an accused who is discharged on a motion to quash an indictment against him, such statute is not operative in this case because of Sec. 32 of Art. III of the Constitution of 1885 which is as follows:

"The repeal or amendment of any criminal statute shall not affect the prosecution or punishment of any crime committed before such repeal amendment."

The crime was committed in 1933 and the statutes relating to criminal prosecutions were amended by the enactment in 1939 of the above quoted section. This prosecution was begun in 1933, before the enactment of the Criminal Procedure Act of 1939. See Sec. 321, c. 19554, Sec. 8663 (321) of 1940 Supp. to C.G.L.

A Writ of Habeas Corpus is denied.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.