243 So.2d 587 (1971)
STATE of Florida, Petitioner,
v.
Richard C. DAVIS, Respondent.
No. 39872.
Supreme Court of Florida.
January 20, 1971.
*588 Robert L. Shevin, Atty. Gen., Wallace E. Allbritton and Roger W. Foote, Asst. Attys. Gen., for petitioner.
Robert E. Jagger, Public Defender, and James L. DeMoully, Asst. Public Defender, for respondent.
WILLIS, BEN C., Circuit Judge.
We have for review by writ of certiorari a decision of the District Court of Appeal, Second District,[1] affirming two trial court orders dismissing three of four counts of one criminal information and both counts of another information, containing two counts. The decision is claimed to be in conflict with this court's decisions in Hollingsworth v. State, 73 Fla. 44, 75 So. 612; State v. Clein, Fla. 1956, 93 So.2d 876; State v. Bruno, Fla. 1958, 107 So.2d 9; Kelly v. State, Fla. 1956, 92 So.2d 172; Whitman v. State, 97 Fla. 988, 122 So. 567; and Middleton v. State, 74 Fla. 234, 76 So. 785.
There appears to be at least some conflict in the decision sought to be reviewed and statements of general principles of law in the above cited prior decisions of this Court. Therefore, jurisdiction attaches under Section 4(2), Article V, of the Florida Constitution, F.S.A. Johnson v. State, Fla. 1969, 222 So.2d 191.
In the trial court the state filed an amended information, numbered 17,351, in which the accused Davis was charged with two counts of embezzlement (larceny) by a public official, pursuant to F.S. Sec. 812.10, F.S.A., one count of grand larceny, and one count of uttering a forged instrument. A motion for a statement of particulars was in part granted by the trial judge. After having obtained the statement of particulars, the accused filed a motion to dismiss all counts of the information. A hearing on the motion was held and at its close, but before the entry of a written order, the state filed a new information, numbered 18,182, charging the accused with two counts of grand larceny. Orders were then entered dismissing the two counts of 17,351 charging violations of F.S. Section 812.10, F.S.A., the count charging uttering a forged instrument, and both counts of 18,182.
The two counts in 17,351, charging violations of F.S. Sec. 812.10, F.S.A., each alleged that the accused, a justice of the peace, "whose duty it was to collect, receive and take into his possession moneys and other property of [a named decedent] * * * did, by virtue of said office * * receive and take into his possession certain monies of said [decedent] * * * and of said monies * * * he did then and there unlawfully embezzle and convert to his own use the sum of [a specified sum of money: $1,122.09 in count one and $2,466.16 in count two * * *."
The count in 17,351 charging the uttering of a forged instrument alleged the offense as having occurred on July 5, 1967. This amended information was filed March 25, 1968. The two charges of grand larceny in 18,182, filed August 29, 1968, alleged both offenses occurred on November 21, 1967.
From the record it appears that the basis for dismissing the charges of embezzlement by a public official was that the allegations of the information and the particulars showed that the accused had no official obligation to receive the money allegedly embezzled, which is one of the elements of an offense under F.S. Section 812.10, F.S.A. The uttering count in 17,351 and the two larceny counts in 18,182 were dismissed because from the dates submitted in the informations, the statement of particulars, and certain stipulations made by the state *589 at the hearing the trial judge concluded that the statute of limitations had run, thus barring the charges.
Both in the court of appeals and in this court the petitioner has argued that the trial judge committed error by giving consideration and weight to the statement of particulars and factual matters brought out at the hearing rather than confining himself solely to the allegations of the counts in the informations. The contention is made that on motion to dismiss the sole test is whether or not there are allegations in the information charging a crime or crimes under the laws of this state in terms sufficiently clear to apprise the accused as to what crime or crimes with which he is charged. It was stated by the court of appeals, and it is noted here, that no real effort is made by the State to question the substantive merits of the rulings of the trial court. As the court of appeals did not consider any of these questions, we will confine ourselves to the questions arising from the asserted conflict with prior decisions of this Court.
It was held in Hollingsworth v. State, supra, that an indictment purporting to charge a violation of the present Sec. 812.10 (then Sec. 3317, Gen.Stat. 1906) was sufficient if if set forth that the defendant is an officer and by virtue of his office receives public moneys, rather than employing the words of the statute "whose duty requires him to receive public money, property or effects". It was stated that the allegations employed are "equivalent to saying that the law of his office makes it his duty to receive such money".
State v. Clein, supra, merely holds that it was error to quash an information charging publication of obscene matter when the alleged offending article was set forth in the information and a jury may have lawfully concluded the material was obscene within approved tests of that quality. In that case the error was found in the conclusion reached by the trial court that the information itself was legally insufficient. No bill of particulars was involved.
In substance, the petitioner contends that the allegations of an information or indictment are alone to be considered on motion to dismiss and if they are sufficiently clear to charge the defendant with a crime and to apprise him as to what crime is charged to him the motion should be denied. In this connection it is urged that a bill of particulars, now called statement of particulars, is no part of the pleadings and can neither weaken nor strengthen the indictment or information.
Such was indeed the holding in Kelly v. State, supra. Also in Middleton v. State, supra, it is stated that resort may not be made to the bill of particulars to point out a defect in the indictment. It was further said that a defect appearing in the bill of particulars is a defect in the proof and that objections to the sufficiency of an indictment may not be made by objecting to the evidence in support of it. To like effect is Martin v. Karel, as sheriff, 106 Fla. 363, 143 So. 317, and in State v. Bruno, Fla. 1958, 107 So.2d 9, it is stated that if an information is substantially in the language of the statute it is sufficient.
Prior to enactment of the Criminal Procedure Act of 1939 (Ch. 19554, Laws of 1939; Sec. 901.01 to 925.03, F.S.A.), a motion to quash was confined to defects in the face of an indictment or information. Williamson v. Baker, 148 Fla. 387, 4 So.2d 471. However, under the 1939 act it was provided that "all defenses heretofore available to a defendant by plea, other than pleas of nolo contendere and not guilty, shall be taken only by motion to quash the indictment or information, whether the same relates to form or substance * * *". Sec. 909.02, F.S.A. The right to demand a bill of particulars and the power of the court to direct one independent of statutory authority was first recognized in Thalheim v. State, 38 Fla. 169, 20 So. 938. Its object was not to cure a defect in the formal charge but to inform the accused with *590 greater certainty of the precise nature of an accusation properly charged. See Brass v. State, 45 Fla. 1, 34 So. 307. Whether such a bill of particulars was to be furnished rested then largely in the discretion of the trial court. See Smith v. State, 93 Fla. 238, 112 So. 70. This prior inherent power was fully recognized in the 1939 statute wherein it was specifically provided that the court, on motion, may order the prosecuting attorney to furnish a bill of particulars when the formal charge fails to inform the defendant sufficiently to enable him to prepare his defense. Sec. 906.07, F.S.A.
The function of a motion to quash was formerly to present an imperfection apparent on the face of the formal charge and not to introduce some extraneous fact which has to be established by evidence. Whitman v. State, 97 Fla. 988, 122 So. 567. Even its expanded scope under Sec. 909.02, F.S.A. was circumscribed by Sec. 906.25, F.S.A. wherein it was provided that no formal charge shall be quashed on account of any defect in the form of the charge unless such charge was so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or exposed him after conviction or acquittal to a substantial danger of a new prosecution for the same offense.
The present Florida Rules of Criminal Procedure first went into effect January 1, 1968 pursuant to an order of this Court filed March 1, 1967. The order promulgated a "complete compilation" of rules of criminal procedure, which "shall supersede all conflicting rules and statutes". However, it is also provided that "[a]ll statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court". 33 F.S.A. p. xv. Rule 1.190 FRCrP, 33 F.S.A., provides for pre-trial motions, among which is the motion to dismiss. Subd. (b). It is stated:
"All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment, information or affidavit, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense."
It is to be observed that the above mentioned rule is in substantially the language of the statute. It is clear that the motion to dismiss generally serves the same function as the prior motion to quash, but the question here is whether or not other provisions of the rules have expanded its functions beyond a consideration of the sufficiency of the allegations of the charging instrument. Under Rule 1.190(c) (4) it is provided that the court may at any time entertain a motion to dismiss on the ground:
"There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to."
The committee note of the Florida Court Rules Committee Sub-Committee on Rules of Criminal Procedure, with reference to Rule 1.190(c) (4), states that this rule "affords a new remedy to an accused which he did not previously have. * * * Primarily, this procedure will permit a pre-trial determination of the law of the case where the facts are not in dispute". Also, it is said:
"In a sense, this is somewhat similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to a subsequent prosecution."
We are not concerned here with a motion to dismiss in which there are set forth therein factual matters which would permit the state, pursuant to Rule 1.190(d) to traverse or demur to the motion to dismiss. The motion in this case addresses itself to the facts alleged in the informations and those shown in the statement of particulars.
We would be persuaded that the several counts of the informations, standing *591 alone, each adequately states a valid charge, and that prior to the effective date of the Rules of Criminal Procedure an attack by motion to quash would properly have been denied. However, it does appear clear that a motion to dismiss under Rule 1.190(b) (c) and (d) may also be a vehicle to ascertain whether or not the facts which the state relies upon to constitute the crime charged, and on which it will offer evidence to prove it, do, as a matter of law, establish a prima facie case of guilt of the accused. This may be raised by sworn allegations in the motion itself, which, if not denied, may be the basis of an order of dismissal if such sworn statements negative a prima facie case of guilt. However, this is not the only means by which the material facts may be ascertained and tested. The rules themselves command that they "be construed to secure simplicity in procedure and fairness in administration". Rule 1.020, RCrP. A person charged with crime and facing a trial on such charge is entitled under the Constitution to "be informed of the nature and cause of the accusation against him". Sec. 16, Art. I, Fla. Const. 1968. In the formal charge against him it is necessary that there be alleged "the essential facts constituting the offense charged" and a recital of the "official or customary citation of the statute, rule, regulation, or other provision of law which the defendant is alleged to have violated". RCrP 1.140(d) (1). The time and place of the commission of the offense must be alleged in the charge "as definitely as possible". RCrP 1.140(d) (3). The right to a statement of particulars, long a part of the jurisprudence of this state by decisional and statutory law, is specifically provided in the rules with some expanded scope. The court is directed to order a statement of particulars whenever the charging instrument "fails to inform the defendant of the particulars of the offense sufficiently to enable him to prepare his defense" and that such particulars "shall specify as definitely as possible the place, date, and all other material facts of the crime charged that are specifically requested and are known to the prosecuting attorney * * *" and also that "[r]easonable doubts concerning the construction of this rule shall be resolved in favor of the defendant". RCrP 1.140(n).
When the prosecuting officer has, in the statement of particulars, specified as definitely as possible and as is known to him what the material facts are (and such is his clear duty) and, in the opinion of the trial judge, such facts do not legally constitute the crime charged or they affirmatively establish an effective bar to the prosecution, then the motion to dismiss should be granted. This is in accord with the purpose of RCrP 1.190(c) (4) of permitting a pre-trial determination of the law of the case when the facts, for the purpose of considering the motion, are not in dispute.
We hasten to recognize that this procedure is not a precise counterpart to the summary judgment procedures afforded by the Rules of Civil Procedure. See RCP No. 1.510, 31 F.S.A. However, there is at least one common objective in the two procedures, namely, to avoid a trial when all the material facts are not genuinely in issue and could legally support only one judgment. In civil cases, a judgment may be for either party, in whole or in part. In a criminal case, the motion to dismiss is granted only where the most favorable construction to the state would not establish a prima facie case of guilt.
The petitioner has argued that the state has the right to amend the information or the bill of particulars at a later time and thus may then show facts that would support a conviction. This is a course which may be open. However, if there are not material facts known to the prosecuting attorney sufficient to establish a prima facie case of guilt, the defendant is entitled to a dismissal. As the dismissal is without prejudice, a new charge may be made if and when the state does have such facts, provided there is no affirmative bar to the prosecution.
*592 In view of the foregoing considerations we reach the same conclusion as did the court of appeals that the trial judge properly considered the statement of particulars and other factual matters brought out at the hearing when he ruled on the motion to dismiss.
Accordingly, the decision of the court of appeals is affirmed and the writ heretofore issued is discharged.
ERVIN, Acting C.J., and CARLTON, ADKINS and BOYD, JJ., concur.
NOTES
[1] State of Florida v. Davis, 234 So.2d 713 (2nd Dist.Ct.App.Fla. 1970).