STEVENSON, J.
Defendant Mihai Arnauta was tried by jury and convicted of aggravated white collar crime, organized scheme to defraud, and unlawful use of a scanner. On appeal, defendant alleges error in the denial of his motion to suppress, the failure to grant a judgment of acquittal for the aggravated white collar crime count due to a deficiency in the information, and in an evidentiary ruling allowing admission of a surveillance video. We affirm as to all issues raised and write solely to address defendant’s claim concerning the deficiency in the information.
Count I of the information charged aggravated white collar crime in violation of section 775.0844, Florida Statutes (2010). Charges were filed after police discovered that the defendant had used an ATM skimming device to withdraw money from customer accounts and after police searched the defendant’s residence, storage units and vehicle, discovering a multitude of ATM parts, molds, ATM keypads, circuit boards, blank bank credit cards, magnetic strips, and bank card readers/writers. At trial, Citibank employees testified 171 accounts had to be closed and re-opened as customers used their cards during the period when the ATM machines were compromised. Money was removed from thirty-one accounts, with the loss to Citibank totaling more than $44,000 plus the cost of closing and re-opening the accounts.
. The White Collar Crime Victim Protection Act, Florida Statutes section 775.0844, addresses “white collar crime,” which includes. a variety of offenses by which victims “are deceived and cheated by criminals who commit nonviolent frauds and swindles, frequently through the use of the Internet and other electronic technology *1030 and frequently causing the loss of substantial amounts of property.” § 775.0844(2), Fla. Stat. Subsections (4) and (5) of the statute define “aggravated white collar crime,” providing as follows:
(4) As used in this section, “aggravated white collar crime” means engaging in at least two white collar crimes [described in (3) ] that have the same or similar intents, results, accomplices, victims, or methods of commission, or that are otherwise interrelated by distinguishing characteristics and are not isolated incidents, provided that at least one of such crimes occurred after the effective date of this act.
(5) Any person who commits an aggravated white collar crime as defined in this section and in so doing either:
(a) Victimizes 10 or more elderly persons, as defined in s. 825.101(5);
(b) Victimizes 20 or more persons, as defined in s. 1.01; or
(c) Victimizes the State of Florida, any state agency, any of the state’s political subdivisions, or any agency of the state’s political subdivisions,
and thereby obtains or attempts to obtain $50,000 or more, commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 775.0844(4)-(5), Fla. Stat.
Count I of the information in this case charged as follows:
Mihai Arnauta on or about or between June 1, 2010 and July 6, 2010, ... did engage in at least two white collar crimes, to wit: Grand Theft, Organized Scheme to Defraud, Unlawful Use of Scanning Device, having the same or similar intents, results, accomplices, victims, methods of commission, or that are otherwise interrelated by distinguishing characteristics and are not isolated incidents; which crimes victimized, and by which crimes Mihai Arnauta obtained or attempted to obtain $50,000.00 or more, contrary to Florida Statute 775.0844(5). (1 DEG FEL)
(emphasis added; spacing after “victimized” as in original). The information seems to have been interrupted mid-sentence and failed to allege which of the three classes of victims described in subsection (5) was involved. The defendant raised this deficiency for the first time after the close of the evidence, insisting the omission entitled him to a judgment of acquittal. The trial court denied the motion. We affirm as the late-raising of the issue waived the defect. See Fla. R. Crim. P. 3.190(c) (stating that “[ejxcept for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time hereinabove provided shall be considered waived”); Ford v. State, 802 So.2d 1121, 1130 (Fla.2001) (“Where a defendant waits until after the State rests its case to challenge the propriety of an indictment [or information], the defendant is required to show not that the indictment [or information] is technically defective but that it is so fundamentally defective that it cannot support a judgment of conviction.”).
Defendant has sought to avoid this result by asserting the deficiency was adequately raised at arraignment. The earlier-filed motion to dismiss, however, only generally alleged that the information “fails to aver all the elements essential to constitute the offense,” that “[t]he allegations of the Information are such that they fail to adequately advise the Defendant of the charge,” and that “[t]he Information is so vague, insufficient and uncertain in its terms as to embarrass and hinder the Defendant in the preparation of his defense thereto and to make it impossible to be certain of what purported offense the Defendant is called upon to defend.” The motion fails to specify the deficiency or even which of the four counts to which the argument is directed and, as such, is too *1031 vague to preserve any claim concerning a specific defect. See Garcia v. State, 492 So.2d 360, 368 (Fla.1986) (applying “complete omission of an essential element” standard where defendant filed several pretrial motions to dismiss generally alleging indictment failed to charge violation of laws of state, but none of motions specifically complained of indictment’s failure to allege premeditation); Whitman v. State, 97 Fla. 988, 122 So. 567, 568 (1929) (“When one desires to attack an indictment by a motion to quash because of some substantial or formal defect in it appearing upon its face, the motion should specifically point out the alleged defect.”).
Here, at trial, there was no evidence that the class of victims was elderly persons or the State of Florida or its agencies, leaving only the third class of victims applicable — “20 or more persons.” Thus, the information was not so fundamentally defective that it could not support a judgment of conviction nor so prejudi-cially vague that it denied defendant the ability to mount a proper defense. Defendant’s convictions are, accordingly, affirmed.

Affirmed.

GROSS and TAYLOR, JJ., concur.